**CENTRAL EDUCATION
AGENCY, Appellant,**

v.

**Elaine SELLHORN, et al., Appellees.**

**No. 3–89–090–CV.**

Court of Appeals of Texas,
Austin.

Dec. 6, 1989.

Rehearing Denied Jan. 10, 1990.

Jim Mattox, Atty. Gen., Matthew L. Trevena, Asst. Atty. Gen., Austin, for appellant.

Mark W. Robinett, Brim & Arnett, Austin, for appellees.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion of this Court in this cause handed down on October 25, 1989, is withdrawn and the following opinion is substituted therefor.

Appellee public school teachers,[1] filed suit in the district court of Travis County seeking a declaration that a rule of the Central Education Agency was invalid. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 12 (Supp.1989). After hearing, the district court rendered judgment declaring the rule unconstitutional as construed by the agency and applied to appellees. This Court will reverse the judgment.

This appeal concerns the 1984 legislative changes in the salary scheme for public school teachers, Tex.Educ.Code Ann. §§ 13.301–13.323, 16.056–16.057 (Supp. 1989), and Rule 121.14(h) which the agency promulgated pursuant to those provisions.

Before July 1985, Rule 121.14(h) outlined when a public school teacher's newly obtained advanced academic degree would affect his or her salary. In July 1985, the agency amended Rule 121.14(h) on an emergency basis, effective July 19, 1985. The rule as amended, provided that beginning on September 1, 1985, an advanced academic degree would not affect a teacher's placement on the statutory salary schedule set forth in Tex.Educ.Code Ann. § 16.056.

In their suit appellees pleaded that, before the agency promulgated its amended rule, each had commenced work on an advanced degree in reliance on the previous state of the law which entitled teachers holding advanced degrees to advance on the statutory salary schedule. Appellees asserted that the agency construed the amended rule as barring any teacher who had not received an advanced degree before September 1, 1985, from receiving any advanced placement on the statutory salary schedule even though the teacher had begun the degree program in reliance on the prior state of the law. Such construction of the amended rule, asserted appellees, contravened Tex. Const. Art. I, § 19 (1984)

[No citizen of this state shall be deprived of life, liberty, privileges or immunities, or in any manner disenfranchised except by due course of the law of the land]. Appellees pleaded that the amended rule did not accord them due course of law because it provided less than two months notice in which to complete their advanced degree program so as to receive the benefit of the prior law.

The district court rendered judgment that the amended rule was invalid, as construed and applied to appellees, because "its timing is unreasonable, arbitrary and capricious, and, as a result, violates the concept of due course of law."

This Court has concluded that, indeed, amended Rule 121.14(h) is of no force and effect but for the reason that nothing in the 1984 legislative changes to the Education Code empowered the agency to adopt the rule.

The legislature establishes the salary base for all public school district employees. In 1984, the legislature revamped the entire pay system for all persons employed by public school districts. 1984 Tex.Gen. Laws ch. 28, art. I *et seq.* at 117. Under both the old and new pay systems, each school district may supplement a teacher's salary beyond the base pay.

Before the 1984 changes, the salary scheme relied on "pay grades." The 1984 changes implemented a "pay step" system coupled with a "career ladder." With the pre–1984 pay grade scheme, an employee's experience determined the income (i.e., salary grade) the employee would receive. As the employee accumulated experience, he or she would move to a higher grade with a corresponding increase in pay. Under such system, a teacher who received an advanced academic degree was automatically shifted to the next pay grade.

As we understand, the new system presents a dual salary scheme for teachers: the pay step and the career ladder. The pay step, which establishes the monthly salary base for all school district personnel, reflects the employee's years of experience.

---

1. Barbara Stooksberry, Elaine Sellhorn, Susan    Lee Heinze–Thames, and Louise Fossler.

Total yearly income is calculated by the number of months per year that the employee is paid—the range extending from ten up to twelve months. In contrast to the previous system, a teacher under the new system regardless of whether he or she holds an advanced degree, receives ten months salary. Tex.Educ.Code Ann. § 16.056(b), (c) and (d).

The second part of the scheme applies only to teachers and is known as the career ladder. Tex.Educ.Code Ann. §§ 13.301–13.-323. The career ladder involves four steps and advancement is based on experience, advanced training, and a personal evaluation of the teacher's job performance. Tex. Educ.Code Ann. § 16.057. A teacher who holds an advanced degree may enter the career ladder more rapidly, but as the teacher advances possession of an advanced degree begins to lose its advantage. The new system provides less incentive for a teacher to return to university as he or she gains experience and advances on the career ladder.

When enacted, the new system set forth the method of converting a teacher's "pay grade" salary to his or her new "pay step" salary. The conversion condition provided that each teacher would be placed at the pay step that provided at least $170 per month more than his or her previous salary. 1984 Tex.Gen.Laws ch. 28, art. II, § 7. As a result, those teachers who received a pay grade increase under the old scheme due to obtaining an advanced degree retained that advantage in the conversion.

Finally, and most important, the legislature stipulated that "[e]xcept as otherwise specifically provided by this Act, this Act applies beginning with the 1984–1985 school year." 1984 Tex.Gen.Laws ch. 28, art. IX, § 2.

The effective date of the entire bill was September 1, 1984; as of that time, the old pay grade scale ended and the new pay step-career ladder plan became the sole method for determining salary. There is nothing in the legislation that authorizes teachers who receive an advanced degree after September 1, 1984, to receive the benefit conferred on those who received their advanced degree under the old pay grade scheme.

A state agency is a "creature of the legislature" and only possesses powers that the legislature delegates to it. *State v. Jackson*, 376 S.W.2d 341, 344 (Tex.1964); *Stauffer v. City of San Antonio*, 162 Tex. 13, 344 S.W.2d 158, 160 (1961); *Railroad Com'n of Texas v. Atchison, Topeka & Santa Fe R.R. Co.*, 609 S.W.2d 641 (Tex. Civ.App.1980, writ ref'd n.r.e.). Power delegated to an agency may be withdrawn by legislative preemption. *Jackson*, 376 S.W.2d at 344. When the legislature acts with respect to a particular matter, the agency may not act with respect to that matter so as to nullify the legislature's action even though the matter may be within the agency's general regulatory field. *Jackson*, 376 S.W.2d at 345.

Effective September 1, 1984, the new statutory pay scheme preempted the agency authority underlying then existing Rule 121.14(h). As a consequence, in July 1985, there was no statutory authority empowering the agency to amend Rule 121.-14(h) to permit teachers who received an advanced degree after September 1, 1984, to receive the benefit conferred on those who received their advanced degree under the former pay grade scheme.

On motion for rehearing, appellees claim that this Court in its opinion "dodges" the question of the constitutionality of the 1984 amendments of Tex.Educ.Code § 16.056. Appellees' contention is without merit.

Appellees did not plead that the 1984 amendments to § 16.056 were unconstitutional nor did the trial court in its judgment pass upon the constitutionality of the amendments. The constitutional attack on the 1984 amendments appears for the first time in appellees' motion for rehearing filed in this Court. Because appellees did not assert such complaint in the trial court, it is waived. *Michel v. State of Louisiana*, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83 (1955); *Yakus v. United States*, 321 U.S. 414, 444–45, 64 S.Ct. 660, 677, 88 L.Ed. 834 (1944).

The judgment is reversed and judgment is here rendered that appellees take nothing.